

FILED

05/05/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2017

**STATE OF TENNESSEE v. BOBBY E. LEE**

**Appeal from the Criminal Court for Clay County**
**No. 2014-CR-27      Gary McKenzie, Judge**
_____

**No. M2016-02084-CCA-R3-CD**
_____

The Defendant, Bobby E. Lee, appeals his sentence of confinement after being convicted of two counts of delivery of Oxycodone, a Schedule II controlled substance. The trial court sentenced the Defendant to eleven months, twenty-nine days at seventy-five percent release eligibility. The Defendant argues that the trial court abused its discretion in imposing the maximum sentence and a term of incarceration. After thorough review of the record and applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Bruce E. Myers (on appeal), John Philip Parsons (at trial), and Hershel Lacy (at the sentencing hearing), Livingston, Tennessee, for the appellant, Bobby E. Lee.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Bryant C. Dunaway, District Attorney General; and Mark Gore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

In June 2014, a Clay County grand jury indicted the Defendant on two counts of delivery of Oxycodone, a Schedule II controlled substance. At a jury trial, the evidence established that the Defendant sold Oxycodone pills to a confidential informant on September 7 and October 2, 2013. The confidential informant gave the pills to law

enforcement officers after both purchases. The six recovered pills tested positive for Oxycodone. Following the conclusion of the proof, the jury found the Defendant guilty as charged.

At the sentencing hearing, Ms. Casey Dewayne Brown, a probation officer with Community Probation Services, testified that she was responsible for creating the Defendant's presentence report, which was admitted into evidence. She stated that the Defendant had a prior conviction for violation of the open container law, a prior conviction for violation of the implied consent law, a dismissed charge for possession of a handgun while under the influence of an intoxicant, a dismissed charge for using worthless checks, and a prior conviction for storing high explosives not in conformity with United States Treasury regulations for which he was sentenced to probation. Ms. Brown testified that while on probation for the storing high explosives conviction, the Defendant violated his probation because he was found to be using illegal drugs. The trial court did not revoke his probation in light of his then-current drug treatment program. Ms. Brown stated that the Defendant violated his probation again because he was arrested for possession of a controlled substance. She also stated that the trial court subsequently revoked his probation and ordered him to serve four months in confinement. She confirmed that the Defendant had pending charges for driving under the influence and simple possession of a controlled substance.

Ms. Brown testified that the Defendant did not have verified employment but that the Defendant reported working in construction for twenty-five years before receiving disability insurance in 2010. She also testified that although the Defendant tested positive for Oxycodone during a January 9, 2016, drug screening that was a condition of probation, he had a valid prescription for Oxycodone and tested negative for all other drugs. She stated that the Defendant had a tenth grade education.

On cross-examination, Ms. Brown testified that the Defendant could read and write because she witnessed him complete the presentence report form. She stated that she believed the Defendant was married and had one child. She also stated that she recommended in the presentence report that the Defendant be placed on probation.

At the conclusion of the sentencing hearing, the trial court noted that although the instant case involved misdemeanor sentencing, it would use guidance from felony sentencing statutes to reach a decision. The trial court found that consecutive sentencing was inappropriate for the Defendant's ultimate sentence because he was not a dangerous offender with an extensive criminal history. The trial court also found as enhancement factors that the Defendant had a previous history of criminal convictions and behavior, was the leader of the offense involving his co-defendant, and had failed to comply with previous conditions of probation. T.C.A. § 40-35-114(1), (2), (8) (2012). The trial court

stressed that it was placing "great weight" on those enhancement factors. The trial court stated that the Defendant's two prior violations of probation were "real troubling" because both violations involved the Defendant's illegal use of controlled substances. The trial court stressed that the Defendant's instant misdemeanor convictions involved not "one criminal episode" but "two independent criminal offenses." In addressing the Defendant's prior criminal history, the trial court found that the Defendant had prior criminal convictions. The trial court also noted that the Defendant's last conviction was in 2005 but that he also had previous violations of probation. The trial court noted that it would not give weight to whether the Defendant's conduct caused or threatened serious bodily injury because there was an argument as to whether selling narcotics qualified under this factor. *Id.* § 40-35-113(1). The trial court found that the Defendant had disability and health issues, putting some weight to that mitigating factor. *Id.* § 40-35-113(8).

The trial court next considered whether confinement was necessary. *See id.* § 40-35-103(1). The trial court found that despite his previous convictions, the Defendant did not have a "long history of criminal conduct." *Id.* § 40-35-103(1)(A). The trial court did find, however, that incarcerating the Defendant was "necessary to avoid the depreciation of the seriousness of the crime" because it would help deter the Defendant from future criminal activity and that the local community was struggling with drug use and would benefit from the deterrence of the Defendant's confinement. *Id.* § 40-35-103(1)(B). The trial court also found that "[m]easures less restrictive than confinement have been frequently or recently applied and have been unsuccessful," citing the Defendant's two violations of probation and stating that it would assess "great weight" to this consideration. *Id.* § 40-35-103(1)(C). The trial court then ordered the Defendant to serve eleven months and twenty-nine days at seventy-five percent in prison for each conviction, to be served concurrently.

## ANALYSIS

On appeal, the Defendant argues that the length of his sentence is excessive and that the trial court erroneously ordered incarceration on the basis of deterrence. The State argues that the trial court did not abuse its discretion and that the Defendant's sentence is proper. We agree with the State.

In misdemeanor sentencing, a separate sentencing hearing is not mandatory but the trial court is required to provide the defendant with a reasonable opportunity to be heard as to the length and manner of service of the sentence. T.C.A. § 40-35-302(a). Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. *State v.*

*Palmer*, 902 S.W.2d 391, 394 (Tenn. 1995). The misdemeanor offender must be sentenced to an authorized determinate sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. T.C.A. § 40-35-302(d). Generally, a percentage of not greater than seventy-five percent of the sentence should be fixed for a misdemeanor offender. *Palmer*, 902 S.W.2d at 393-94. In determining the percentage of the sentence, the trial court must consider the legislative purposes and principles related to sentencing. *Id.* There is no requirement for the trial court to make a finding on the record when setting the percentage of the sentence to be served. *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998).

A trial court's sentencing decisions are generally reviewed for abuse of discretion, with a presumption of reasonableness granted to within-range sentences that reflect a proper application of the purposes and principles of sentencing. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). A trial court abuses its discretion when it applies an incorrect legal standard, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the party complaining. *State v. Herron*, 461 S.W.3d 890, 904 (Tenn. 2015).

Although the Tennessee Supreme Court has not specifically held whether the *Bise* standard of review applies to misdemeanor sentencing, our supreme court held that "the abuse of discretion standard of appellate review accompanied by a presumption of reasonableness applies to all sentencing decisions." *State v. King*, 432 S.W.3d 316, 324 (Tenn. 2014) (citing *State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013)). Accordingly, we hold, as other panels of this court have held, that the *Bise* standard is the appropriate standard of review in misdemeanor sentencing cases. *See State v. Clifford Eric Marsh*, No. M2015-00803-CCA-R3-CD, 2016 WL 349928, at *3 (Tenn. Crim. App. Jan. 28, 2016); *State v. Christopher Dewayne Henson*, No. M2013-01285-CCA-R3-CD, 2015 WL 3473468, at *5 (Tenn. Crim. App. June 2, 2015), *perm. app. denied* (Tenn. Sept. 17, 2015); *State v. Sue Ann Christopher*, No. E2012-01090-CCA-R3-CD, 2013 WL 1088341, at *7 (Tenn. Crim. App. Mar. 14, 2013).

The appealing party bears the burden of proving that the sentence was improper. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991); *see* T.C.A. § 40-35-401(d), Sentencing Commission Comments. Likewise, a criminal defendant seeking full probation bears the burden on appeal of showing the sentence actually imposed is improper and that full probation will be in the best interest of both the defendant and the public. *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995).

Although the Defendant suggests his sentence should be more akin to three months, we note that misdemeanor sentencing does not include ranges and that trial courts have a great deal of flexibility in imposing the length of a misdemeanor sentence up to eleven months and twenty-nine days. *Palmer*, 902 S.W.2d at 393; *State v.*

*Boyd*, 925 S.W.2d 237, 244 (Tenn. 1995). We hold that the Defendant failed to meet his burden showing that he is entitled to an alternative sentence because he did not present proof as to why confinement is improper and probation is in his and the public's the best interest. *Bingham*, 910 S.W.2d at 456. Additionally, we note that the Defendant argues that the trial court based its deterrence finding, at least in part, on evidence not contained in the record, including that the local community faced a drug problem. Nevertheless, the trial court properly found, based on evidence presented at the sentencing hearing and in the presentence report, that the Defendant had two previous violations of probation. *See* T.C.A. § 40-35-103(1)(C) (confinement is permissible if "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant"). Accordingly, we hold that the trial court did not abuse its discretion in sentencing the Defendant to eleven months and twenty-nine days at seventy-five percent in confinement.

## CONCLUSION

Based on the foregoing analysis, we affirm the judgment of trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE